UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| JONATHAN L. SLONE, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:13 CV 316 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Jonathan L. Slone, a *pro se* prisoner, initiated this habeas corpus proceeding pursuant to 28 U.S.C. § 2254 to challenge his 2004 conviction and sentence by the Noble Superior Court for child molestation. The Respondent argues that the petition must be dismissed as untimely.

Habeas Corpus petitions are subject to a strict one year statute of limitations as set forth in 28 U.S.C. § 2244(d).

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Slone does not assert that he was impeded from filing a habeas corpus petition sooner or that his claims are based on a newly recognized constitutional right, therefore neither § 2244(d)(1)(B) or (C) are relevant here. Though he argues "that the factual predicates for his claims were not effectively discovered until the refiling of his post conviction relief petition filed on 4/1/09" (DE# 8 at 6), the Seventh Circuit has made clear that the time runs from the date when the evidence could have been discovered through diligent inquiry, not when it was actually discovered or when its significance was realized. *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2001). Though Slone does not identify what evidence he considers newly discovered, his argument that some evidence was "not effectively discovered" is merely an assertion that he did not personally understand its significance, not that it could not have been discovered sooner with diligent inquiry.

Moreover, there is a distinction between discovery of the factual predicate for a new claim and discovery of evidence that supports an existing claim. *Escamilla v. Jungwirth*, 426 F.3d 868, 871 (7th Cir. 2005). Section 2244(d)(1)(D) does not restart the clock simply because corroborating evidence for an existing claim becomes available. *Id.* "[I]f it did, then the statute of limitations would fail in its purpose to bring finality to criminal

judgments, for any prisoner could reopen the judgment by locating any additional fact." *Id.* Thus, as a matter of law, a claim raised earlier in the proceedings cannot be considered "new" under Section 2244(d)(1)(D). *Id.* Slone has not explained how any of his claims qualify as new and a review of the seven grounds listed in this habeas corpus petition give no indication that any of them constitute a basis for applying § 2244(d)(1)(D). Therefore, the 1-year period of limitation began when his judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review pursuant to § 2244(d)(1)(A).

After he was convicted and sentenced, Slone took a direct appeal to the Court of Appeals of Indiana which remanded for re-sentencing. (DE# 7-2 at 1.) After he was re-sentenced, he appealed again and the court affirmed on May 20, 2005. (DE# 7-3 at 1.) Slone did not seek transfer to the Indiana Supreme Court and the time for doing so expired on June 20, 2005. *See* Ind. R. App. P. 57.C. and 25.B. *See also Gonzalez v. Thaler*, 565 U.S. \_\_, \_\_; 132 S. Ct. 641, 653-54; 181 L. Ed. 2d 619, 636 (2012). ("[T]he judgment becomes final . . . when the time for pursuing direct review . . . expires."). On July 5, 2005, Slone filed a post-conviction relief petition (DE# 7-1 at 11) which tolled the statute of limitation, but not before 14 days expired from his 1-year period of limitation, which left him 351 days.

On January 16, 2007, Slone withdrew the petition and the clock restarted. (DE# 7-1 at 12.) On September 26, 2007, Slone filed a motion for sentence modification which was denied the same day. (DE# 7-1 at 12.) This motion again tolled the statute of limitations, *Wall v. Kholi*, 131 S. Ct. 1278, 1288 (2011) ("[t]olling the limitation period for all 'collateral

3

review' motions provides both litigants and States with an opportunity to resolve objections at the state level, potentially obviating the need for a litigant to resort to federal court"), but not before another 252 days had expired—leaving him 99 days when the clock restarted on September 27, 2007. During the next 99 days, Slone did not have any properly filed state collateral review proceedings and the 1-year period of limitation expired on January 3, 2008.

Slone argues that the merits of his claims should be reviewed because he has limited knowledge of the law and did not have effective counsel to explain it to him. In effect, "[h]e proposes that the year to file a federal petition begins when a prisoner actually understands what legal theories are available. That is not what § 2244(d)(1) says." *Owens v. Boyd*, 235 F.3d 356, 359 (7th Cir. 2000).

> If § 2244(d)(1) used a subjective rather than an objective standard, then there would be no effective time limit, as Owens's case illustrates. Like most members of street gangs, Owens is young, has a limited education, and knows little about the law. If these considerations delay the period of limitations until the prisoner has spent a few years in the institution's law library, however, then § 2244(d)(1) might as well not exist; few prisoners are lawyers.

*Id.*

Slone argues that he filed a federal writ of habeas corpus on August 7, 2008. But by then, the deadline had already been expired for seven months. Though it is unfortunate that the court did not realize that petition was untimely and dismiss it for that reason, its filing did nothing to extend the statute of limitations. Indeed, even if it had been filed before the deadline expired, it still would not have extended the deadline because "the

4

filing of a petition for habeas corpus in federal court does not toll the statute of limitations . . .." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005).

Slone declared that he placed his original habeas corpus petition into the prison mail system on April 4, 2013. (DE# 1 at 18). However this was more than five years after the deadline for filing a habeas corpus petition had expired. Therefore, this habeas corpus petition must be dismissed because it is untimely.

Finally, pursuant to Rule 11 of the Rules Governing Section 2254 Cases, the court must consider whether to grant a certificate of appealability. When the court dismisses a petition on procedural grounds, the determination of whether a certificate of appealability should issue has two components. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). First, the petitioner must show that reasonable jurists would find it debatable whether the court was correct in its procedural ruling. *Id.* at 484. If the petitioner meets that requirement, then he must show that reasonable jurists would find it debatable whether the petition states a valid claim for the denial of a constitutional right. *Id.* As previously explained, this petition is untimely and there is no basis for finding that jurists of reason would debate the untimeliness of this petition. Therefore there is no reason to encourage him to proceed further, and a certificate of appealability must be denied.

For the foregoing reasons, the habeas corpus petition is **DENIED** because it is untimely and a certificate of appealability is **DENIED**.

              **SO ORDERED.**

Date: October 29, 2013

            s/ James T. Moody
            JUDGE JAMES T. MOODY
            UNITED STATES DISTRICT COURT